UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<span>For Online Publication Only</span>

-----------------------------------------------------------X

MARIA F. GIOIA,

         Plaintiff,

    -against-

SOUTHEND PSYCHIATRY,

         Defendant.

-----------------------------------------------------------X

MARIA F. GIOIA,

         Plaintiff,

    -against-

PATTERSON, BELKNAP, WEBB & TYLER,

         Defendant.

-----------------------------------------------------------X

**FILED**
**CLERK**

10/12/2023 12:59 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM & ORDER**
23-CV-1419 (JMA) (SIL)

23-CV-3353 (JMA) (SIL)

**JOAN M. AZRACK, District Judge:**

    Before the Court are the renewed *in forma pauperis* applications filed by *pro se* plaintiff

Maria F. Gioia ("Plaintiff") in each of the cases captioned above.   (*See* Docket Entry ("DE") 11

in 23-CV-1419 and DE 10 in 23-CV-3353.)   Upon review, the renewed applications to proceed

*in forma pauperis* are granted.   However, for the reasons that follow, the complaints are dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[1]

I.  **BACKGROUND**

    Plaintiff is no stranger to this Court.   These are Plaintiff's fifth and sixth *pro se*

---

[1] Plaintiff has also moved for leave to electronically file papers in her case assigned docket number 23-CV-1419.
(*See* DE 13.)   Further, Patterson, Belknap, Webb & Tyler, LLP ("PBWT") has filed a letter motion seeking a pre-
motion conference in anticipation of filing a motion to dismiss the complaint assigned docket number 23-CV-3353.
(*See* DE 5.)   Given the dismissal of the complaints, these applications are now moot and are thus denied.

complaints[2] and, like at least three of her prior complaints, relate to prior litigation arising from alleged side effects of a prescription anti-psychotic medication.   *See* 19-CV-4629, 19-CV-5377, and 23-CV-1187.   The defendant in the prior cases, Janssen Pharmaceuticals, is represented by PBWT, the defendant in 23-CV-3353.

Plaintiff filed applications to proceed *in forma pauperis* with each of the present complaints and, by Order dated May 26, 2023, the Court denied those applications without prejudice and with leave to renew on the AO 239 Long Form *in forma pauperis* application.   (*See* DE 10 in 23-CV-1419 and DE 9 in 23-CV-3353.)   Plaintiff timely renewed her applications to proceed *in forma pauperis*.   (*See* DE 11 in 23-CV-1419 and DE 10 in 23-CV-3353.)   With this context, the Court addresses the present complaints below.[3]

### A.   *Gioia v. Southend Psychiatry*, 23-CV-1419

Plaintiff, who is alleged to reside in Ronkonkoma, New York, filed a *pro se* complaint against South End Psychiatry ("SEP") and alleges that SEP's address is in the Bronx, New York. (Compl., 23-CV-1419, DE 1 at ¶ I.)   Plaintiff checked the box to indicate that she seeks to invoke this Court's federal question subject matter jurisdiction yet alleges that her claims are for "medical malpractice" and "negligence" and "abuse of power."   (DE 1 at ¶ II.)   Although the form complaint asks for the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff has not provided any.   (*See id.*)   In the

---

[2] *See* 19-CV-4629(JMA)(SIL) *Gioia v. Janssen Pharmaceutical* (complaint and amended complaint dismissed with prejudice and affirmed on appeal (*see* Mandate, 22-53, Docket Entry No. 63) because "it lacks an arguable basis either in law or in fact."); 19-CV-5377(JMA)(SIL) *Gioia v. Janssen Pharmaceutical* (complaint and amended complaint dismissed with prejudice and appeal dismissed by Mandate, 22-52, Docket Entry No. 55); 20-CV-4014(JMA)(SIL) *Gioia v. AP Singh Main St. Wine and Liquors* (*sua sponte* dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); and 23-CV-1187(JMA)(SIL) *Gioia v. Janssen Pharmaceutical* (pending).

[3] Excerpts from the complaints are reproduced here exactly as they appear in the originals.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

space on the form complaint that calls for the amount in controversy, Plaintiff wrote:

> Psychological and mental angush and torment in particularly over the holidays: friends, family, trauma, PTSD.  Lost car and job and apartment was broken into just because of her malpractice and negligence bused on abuse of power, apathy and spite.

(*Id*. ¶ II.3.)   In the space that calls for "a short and plain statement of the claim", Plaintiff wrote:

> Wrong test ordered twice and used to blackmale for vital daily medication.   She had a duty to prescribe monthly but insisted bi-weekly and this time around prescribed the wrong test twice and withheld my medicine.

(*Id*. ¶ III.)   Plaintiff also referenced a typed page annexed to her complaint that alleges, in its entirety:

> My (Maria Gioia) Psychiatric medication Aderal 20mg twice a day was withheld from prescribing normal 2 week prescription which was supposed to be prescribed on Dec 19, 2022 however RN or Doctor Hodge whom I've been seeing on zoom every two weeks for this medication prescription refused to prescribe this time around just before the holidays and insisted an unecessary test be done which I had to go to Quest Labs to get a urine canister to pee in for 24 hours to test for Heavy Metal Poisoning, of which I showed absolutely no signs of any such symptoms or had any exposure so it was an unecsary test especially during the holidays and especially should not have withheld writing my important psych medication over this demand. I took the test twice and she kept refusing to call in my prescription and then went on vacation. I tried calling Quest Labs to get the office the results however it was Dec 31, 2022 and still no results. I explained to the office secretaries that even if I tested positive for heavy metal poisoning, that would not alter the prognosis of my psych meds and there was no reason to keep withholding this important medicine for my mental health and well being. Finally, on Dec 31, 2022 at around 5:30pm, the leader of the group (I believe) Dr Reagan texted me to call him so I did and he then said that the doctor gave me the wrong test to do twice and he proceeded to try to cover things up by saying she should have told me to take a urine drug test, which the results would have been available immediately and I would be and still am more than willing to have taken and/or take. This error was not a technical error and it happened twice that she gave me this unecessary test and withheld my important psych meds. This cost me my holidays because the mental anxiety and anguish ruined the holidays I so eagerly love and work hard to enjoy with my friends, family, and community but was not able to do so due to her disrespect and negligence and purposeful meanness for control and abuse of authority and rights to write a prescription against her duty and hippocractic oath as a physician and at risk of not only the holidays that were ruined but also I lost

3

my job, my car, and my aparment was broken into and vandalized. I am suing for
$1 million: $1,000,000.00.  See attatched for proof of losing my car, job, and
aparment broken into and robbed. You can only imagine how my holidays went
even beyond these consequences of being off my medication while going into my
favorite number year 2023 and Christmas just due to her arrogance, stubbornness,
and abuse of power.

(*Id.* at p. 7.)

## B.  *Gioia v. Patterson Belknap Webb & Tyler*, 23-CV-3353

Like the complaint assigned docket number 23-CV-1419, this complaint is submitted on

the Court's general complaint form and also seeks to invoke this Court's federal question subject

matter jurisdiction.  (Compl, 23-CV-3353, DE 1 at ¶¶ I-II.)   The sole defendant is PBWT, which

represented Janssen Pharmaceuticals in prior litigation brought by Plaintiff.  *See* 19-CV-4629, 19-

Cv-5377, and 23-Cv-1187.   In the space that ask for "the specific federal statutes, federal treaties,

and/or provisions of the United States Constitution that are at issue in this case", Plaintiff wrote:

abuse of power, bullying, malpractice, denying my civil rights to a fair trial,
negligence, failure to acknowledge and realize facts and failure to do research;
ignoring and bullying Pro Se Plaintiff; lying and cheating for favoritism/easier
channels; manhandling; changing course of plans as and when convenient.

(*Id.* ¶ II.A.)   Plaintiff also completed the section on the form complaint that calls for the

citizenship of the parties and alleges that she and PBWT are both citizens of New York. (*Id.* ¶ II.

B.)   In addition, Plaintiff alleges that the amount in controversy is $32 million.   (*Id.*)

Plaintiff's Statement of Claim is difficult to decipher.  As the Court can best discern,

Plaintiff challenges the representation that PBWT provided to Janssen Pharmaceuticals, Inc.

during litigation beginning in July 2019.  (*Id.* ¶ III.)   Initially, Plaintiff complains that PBWT

removed a complaint that she had filed in the New York State Supreme Court, Suffolk County.[4]

---

[4] The Court understand this to reference her complaint filed in Supreme Court, Suffolk County under Index Number
19-04582 and removed to this Court and assigned Docket number 19-CV-5377.

(*Id*.)   Plaintiff also alleges that PBWT "failed to realize that Janssen can <u>Not</u> be legally served nor can they hire lawyers or represent themselves in a legal case on their own initiative."   (*Id*.) (emphasis in original).   Plaintiff alleges that she served Johnson and Johnson in July 2019 and "was not allowed to serve Janssen."   (*Id*.)   Plaintiff also alleges that she "even did a 'Motion to Remand' back to the original court.[5]   Patterson Belknap Webb and Tyler neglected this continually even if not in best interests of their client as well as being unlawful due to facts and reality + unspoken promised agreement + merits of my case."   (*Id*.)   Plaintiff complains that "there was no discovery" in the first 2019 case and alleges that she is "not even sure if my whole case was uploaded properly."   (*Id*.)   Plaintiff also complains that PBWT "moved it again when the Supreme Court most likely mistakenly mailed Patterson Belknap Webb and Tyler about e-filing and not knowing they were going to be involved."   (*Id*.)[6]

In addition, on June 27, 2023, Plaintiff filed a motion seeking to change the amount demanded for relief to $3.14 million and to add four "pages of summary to the complaint."   (*See* DE 13.)   The first page Plaintiff seeks to add is a single page, incoherent, typed letter dated June 16, 2023 from Plaintiff that provides:

> Janssen Pharmaceutical in Titusville, NJ is not legally servable and must forward all legalities to Johnson and Johnson in New Brunswick, NJ.   In addition, litigation would not be in favor of defendant Janssen Pharm due to agreed upon compensation for taking my information while pretending to be lawyers to update their website Invega.com in July 2019.   Failure to warn about several side effects of which I made them aware about in July 2019 and promoting the novel medication in quantity and without regards to patient population before the proper time went by as usually done even after passing the first steps of FDA approval.   And in particularly to me and my career: Failure to Warn about overall outcome of subclinical hypothyroidism (much of which irreversible).   Please also see Letter of

---

[5]  Plaintiff's Motion to Remand in 19-CV-5377 was denied by Electronic Order dated October 20, 2020.

[6]  Though far from clear, it appears that Plaintiff is referencing her other state court complaint that she filed against Janssen Pharmaceutical and PBWT removed to this Court.   *See* 19-CV-4629, *Gioia v. Janssen Pharmaceutical*.

> Right to Sue individual pharmaceutical company from EEOC (Equal Employment
> Opportunity Comission) included in whole case also please note.

(DE 13 at 9.)   The second page Plaintiff seeks to add bears the Supreme Court, Suffolk County's caption and is entitled "Affidavit of Due Diligence" and appears to have Plaintiff's handwritten annotations reflecting that Janssen Pharmaceuticals is "not legally servable at Titusville, NJ" and instead Plaintiff provides and address of "1 Johnson and Johnson Plaza New Brunswick, NJ 08901."   (DE 13 at 10.)   The third page is difficult to read but appears to be a printout of the website Invega.com with Plaintiff's handwritten annotations.   (DE 13 at 11.)   Finally, the fourth page is an excerpt from a filing under docket number 19-CV-5377 and appears to be a copy of a rating from an Internet lawyer rating reflecting that this attorney or firm (presumably PBWT) received the "highest rating of 10.0 by AVVO, the top Internet Lawyer rating service", was "named best lawyer by U.S. News & World Report" and was "selected as a Super Lawyer."   (DE 13 at 12.)   The handwritten annotations are largely indecipherable yet appear to allege that PBWT are "pretending to be lawyers (malintent) and no informed formal consent to take my medical knowledge to update their website and data."   (*Id.*)[7]

## II.   **DISCUSSION**

### A.   *In Forma Pauperis* **Application**

Upon review of Plaintiff's declarations in support of her renewed applications to proceed *in forma pauperis*, the Court finds that Plaintiff is qualified to commence these actions without prepayment of the filing fee.   28 U.S.C. § 1915(a)(1).   Therefore, Plaintiff's renewed applications to proceed *in forma pauperis* are granted.

---

[7] PBWT takes no position on whether Plaintiff's motion to add documents and change the requested demand to $3.14 million.   (*See* DE 14.)

**B.**     **Standard of Review**

The *in forma pauperis* statute requires that a court dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.

 *Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997).    In addition, the court is required to read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted); *see also Kirkland v. Cablevision Sys.*, 760 F. 3d 223, 224 (2d Cir. 2014) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)) (the Court must interpret a *pro se* plaintiff's pleadings "to raise the strongest arguments that they suggest.")

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf*. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").   However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678.  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

### C.   Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. *Id*. "If subject matter jurisdiction is lacking, the action must be dismissed." *Id.* at 700-01; *see also* FED. R. CIV. P. 12(h)(3). The party asserting jurisdiction bears the burden of proof.  *DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 275 (2d Cir. 2006).

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (internal quotation marks and citations omitted).  A plaintiff properly invokes Section 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corp.*, 546 U.S.

8

500, 513 (2006).   A claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id*. at 513 n.10.

Section 1332 provides that federal jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.   To establish diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and the defendants.   *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).   This means that the plaintiff cannot be a citizen of the same state as any of the defendants. *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.").

Here, although Plaintiff seeks to invoke this Court's subject matter jurisdiction pursuant to Section 1331 she has not alleged a colorable federal claim.   Indeed, Plaintiff alleges that her claims against SEP are for "medical malpractice" and "negligence" and "abuse of power" in the complaint assigned docket number 23-1419.   (*See* Compl., 23-1419, DE 1 at ¶ II.)   Similarly, Plaintiff's other complaint alleges that PBWT is liable for "abuse of power, bullying, malpractice, denying my civil rights to a fair trial, negligence, failure to acknowledge and realize facts and failure to do research; ignoring and bullying Pro Se Plaintiff; lying and cheating for favoritism/easier channels; manhandling; changing course of plans as and when convenient." (*See* Compl., 23-3353, DE 1 at ¶ II.A.)   As is readily apparent, Plaintiff has not alleged a colorable federal claim and, even affording the allegations a liberal construction given Plaintiff's *pro se*

status, no colorable federal claim could be reasonably construed from the pleadings.[8]   Thus, this Court's subject matter jurisdiction does not lie pursuant to Section 1331.

In an abundance of caution in light of Plaintiff's *pro se* status, the Court has also considered whether subject matter jurisdiction may be invoked pursuant to Section 1332 and finds that it may not.   The parties are not of diverse citizenship, given that Plaintiff, SEP, and PBWT are all alleged to be New York citizens.   28 U.S.C. § 1332.   Because the parties are all domiciled in New York, diversity of citizenship is not satisfied.   *See*, *e.g.*, *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (Diversity is complete when the complaint "demonstrate[s] that [the plaintiff] does not share citizenship with any of the defendants.").

Accordingly, Plaintiff's complaints do not properly invoke subject matter jurisdiction pursuant to either Section 1331 or 1332 and must be dismissed without prejudice.   Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction.   *See*, *e.g.*, *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).   Given that this Court lacks

---

[8] Although a civil rights deprivation may be properly brought pursuant to 42 U.S.C. § 1983, a federal statute, such a claim is not colorable here.   In order to state a § 1983 claim, a plaintiff must allege two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted).   Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*; *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). Given that PBWT is a private law firm, and there are no allegations from which the Court could reasonably construe state action, Plaintiff has not satisfied the state action requirement.   Nor has Plaintiff alleged any facts, even if the state action prong was met, establishing that she was deprived of some constitutional right.   Although she claims she was "denied a fair trial", the facts as known to this Court belie that allegation.   PBWT properly removed her state court complaints to this Court and this Court denied Plaintiff's motions to remand.   *See* 19-CV-4629, *Gioia v. Janssen Pharmaceutical*, DE 18 and Elec. Order, dated Sept. 28, 2020); 19-CV-5377, *Gioia v. Janssen Pharmaceutical*, DE 18 and Elec. Order dated Feb. 20, 2020.)

subject matter jurisdiction under Section 1331 and Section 1332, the complaints are dismissed without prejudice pursuant to FED. R. CIV. P. 12(h)(3).

### D.    Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)).   However, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Id*. (citations omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend her complaints.   Because the Court lacks subject matter jurisdiction, which could not be cured even if Plaintiff is afforded an opportunity to amend her complaints, leave to amend the complaints is denied.

### E.    The All Writs Act

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."   28 U.S.C. § 1651(a).   The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits."   *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999).   Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits.   *See Malley v. N.Y. City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997) (*per curiam*) (filing injunction may issue if numerous complaints filed are based on the same events).   Such an injunction, while protecting the courts and parties from frivolous litigation,

11

should be narrowly tailored so as to preserve the right of access to the courts.   In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction.   *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*).

The instant cases are Plaintiff's fifth and sixth in this Court and largely relate to the same subject matter.   Plaintiff's litigation history suggests that she may file a new action here relating to her prior litigation involving Janssen Pharmaceutical.   The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."   *Lau v. Meddaugh*, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and alteration omitted).

The Court does not find that there are sufficient grounds, at this time, for a litigation injunction.   However, Plaintiff is on notice that future, frivolous lawsuits arising from or relating to her prior litigation involving Janssen Pharmaceutical will not be tolerated by the Court.   In short, given Plaintiff's well-documented history of litigation in this Court, Plaintiff is cautioned that sanctions may be imposed, including in the form of a litigation injunction, should she continue in this course of conduct.   Should Plaintiff file another complaint arising from or relating to her prior litigation involving Janssen Pharmaceutical, the Court will order Plaintiff to show cause why a litigation bar should not be entered.   Plaintiff is further warned that frivolous complaints concerning any other subject matter may also result in the Court ordering Plaintiff to show cause why a litigation bar should not be entered.

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, *see Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11

applies both to represented and *pro se* litigants . . ."), and should she file another action relating to this subject, it is within the Court's authority to consider imposing sanctions upon her.   *See* FED. R. CIV. P. 11; *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) (*per curiam*)).

**III.   CONCLUSION**

For the reasons stated above, Plaintiff's renewed applications to proceed *in forma pauperis* are GRANTED.   However, because the Court lacks subject matter jurisdiction, Plaintiff's complaints are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 12(h)(3).   Leave to amend the complaints would be futile and is thus DENIED.

Given Plaintiff's litigation history in this Court, Plaintiff is WARNED that her continued filing of new complaints arising from or relating to her prior litigation involving Janssen Pharmaceutical will not be tolerated.   Should Plaintiff file another complaint arising from or relating to her prior litigation involving Janssen Pharmaceutical, the Court will order Plaintiff to show cause why a litigation bar should not be entered.   Plaintiff is further warned that frivolous complaints concerning any other subject matter may also result in the Court ordering Plaintiff to show cause why a litigation bar should not be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at her address of record.


**SO ORDERED**.

_____/s/ (JMA)_____

Dated:      October 12, 2023                    Joan M. Azrack
              Central Islip, New York            United States District Judge

14